UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MCGLYNN <br><br> Plaintiff, <br><br> - against - <br><br> PROMETHEUS GLOBAL MEDIA, LLC <br><br> Defendant. | Docket No. 18-cv-2403 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff David McGlynn ("McGlynn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Prometheus Global Media, LLC ("Prometheus" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Bill Bratton. The photograph is owned and registered by McGlynn, a professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5.      McGlynn is a professional photographer having a usual place of business at 710 W. 173 St., Apt. B, New York, New York 10032.

6.      Upon information and belief, Prometheus is a limited liability company duly organized and existing under the laws of Delaware with a place of business at 340 Madison Avenue 6th Fl., New York, New York 10173.

7.      At all times material hereto, Defendant has owned and operated the website at the URL: www.deathandtaxesmag.com (the "Website").

8.      Defendant is a for-profit entity.

9.      Defendant publishes news content on the Website.

**STATEMENT OF FACTS**

A.      **Background and Plaintiff's Ownership of the Photograph**

10.     McGlynn photographed Bill Bratton (the "Photograph").  A true and correct copy of the Photograph is attached hereto as Exhibit A.

11.     McGlynn then licensed the Photograph to the New York Post.

12.     On March 24, 2015, the New York Post ran an article that featured the Photograph on its web edition entitled *Bratton Opponents of NYPD Gun Tracking Tech Should Get a Life*.  See http://nypost.com/2015/03/24/bratton-opponents-of-nypd-gun-tracking-tech-should-get-a-life/  A true and correct copy of the New York Post article is attached hereto as Exhibit B.

13. McGlynn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

14. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-036-614, effective as of March 7, 2017 (the "614 Registration"). A true and correct copy of the 614 Registration, as it appears on the Copyright Office website, is attached hereto as Exhibit C.

**B.   Defendant's Infringing Activities**

15. On June 9, 2015, Defendant ran an article on the Website entitled *NYPD chief can't find any black people to be cops because he put them all in jail*. See http://www.deathandtaxesmag.com/251654/nypd-chief-black-people-jail/ (the "Article").

16. Defendant's Article prominently featured the Photograph. A screenshot of the Article as it appears on the Website are attached hereto as Exhibit D.

17. Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph as displayed by the Article.

18. Defendant did not obtain a license from Plaintiff to display the Photograph on the Website.

19. Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

20. Prior to publishing the Photograph on the Website, Defendant did not communicate with Plaintiff.

21. Subsequent to publishing the Photograph on the Website, Defendant did not communicate with Plaintiff.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST PROMETHEUS)**
(17 U.S.C. §§ 106, 501)

22.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23.     Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

24.     Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

25.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

27.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

28.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant PROMETHEUS be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant PROMETHEUS be ordered to remove the Photograph from the Website.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 19, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/RichardLiebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*David McGlynn*